LAWHORN *v*. THE MILLEN AND SOUTHERN RAILWAY CO.

1. Even if a train employee who by reason of his having full knowledge that the track of a railroad was in a dangerously defective condition and had so remained for a considerable period can be held to have thereby assumed all risk of injury necessarily incident to riding, while engaged in his work, upon a train when being run in the usual manner and at the usual rate of speed, yet where upon a given occasion he was injured by a derailment of a car upon which he was riding in the due course of his employment, and on the trial of an action against the railroad company for the injury thus sustained, proved affirmatively that the train at the time of the injury was being run at a dangerous rate of speed around a sharp curve, it was at least incumbent on the defendant to show that such rate of speed at the point in question did not exceed that at which the train had usually been run at this place.

2. In view of the law as above announced, and of the evidence introduced by the plaintiff, it was error to grant a nonsuit.

February 10, 1896.

Action for damages.   Before Judge Smith.   Emanuel superior court.   April term, 1895.

*H. D. D. Twiggs,* by *Hines & Hale,* for plaintiff.

*A. C. Wright* and *Williams & Smith,* for defendant.

SIMMONS, Chief Justice.

The plaintiff sued for damages on account of personal injuries received by him while in the employment of the railroad company as a brakeman and train-hand.   The injuries were caused by the overturning of a freight-car, on the top and at the brake of which he was standing, while the train was running around a sharp curve in the track.   He alleged that the wreck was due largely to the defective condition of the road-bed and track, the same having been constructed of old scrap-iron upon old cross-ties at the point of derailment; and to the fact that the train was running around the curve at a rapid and reckless rate of speed, considering the condition of the road at that place.

From the evidence introduced by the plaintiff at the trial, it appeared that the road-bed and track were in the

defective condition alleged in the declaration, and that on the occasion in question the train was heavily loaded, and in going around the curve the engineer put on full steam and ran the train at a dangerous rate of speed. It appeared also that the plaintiff had been working on the road for several years, and knew of the defective condition of the road-bed and track at the place where the derailment occurred, and had on several occasions seen the train derailed at that place. At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, on the ground that the plaintiff was previously aware of the dangerous condition of the road, and hence could not recover. The motion was sustained, and the plaintiff excepted.

We think the court erred in granting a nonsuit. Ordinarily a person who remains in the employment of a railroad company as a brakeman or train-hand with knowledge that the track of the railroad is in a defective and dangerous condition, is to be regarded as having assumed all the risks of injury which are necessarily incident to that condition when the train is being run in the usual manner and at the usual rate of speed; but we do not think it follows from the mere fact of his knowledge of such condition, that he is to be regarded as having assumed the risks incident to a more dangerous manner of running the train than usual. A person might be willing to remain in such employment and assume the risks incident to running the train in a careful and prudent manner, and if the train has been so run in the past, might reasonably conclude that it would continue to be run in the same way. It cannot fairly be said, however, that by remaining in such employment he assumes the risks incident to a sudden, dangerous and unusual increase of speed of the train in passing, with heavily loaded cars, over a particularly defective and, under such circumstances, dangerous part of the track. At any rate, we think the question should have been submitted by the court to the jury. See Wood, Master and Servant, §358. The

plaintiff having shown that the train was running at a high and dangerous rate of speed, it was at least incumbent on the defendant to show that such rate of speed at the point in question did not exceed that at which the train had usually been run at that place. If this should appear, we think, under the facts of this case, that the plaintiff would not be entitled to recover. *Judgment reversed.*