## CENTRAL OF GEORGIA RAILWAY COMPANY v. RUFF.

1. In a suit for damages on account of personal injuries received by a servant of a railroad company, resulting from negligence of the defend-ant, in which two distinct grounds of negligence are alleged as a basis for the recovery, it is essential that the plaintiff should make such alle-gations as would amount to a declaration that he was free from fault with respect to each ground of negligence upon which it is relied for a recovery.

2. Where suit was brought by a car-coupler against the railroad company for an injury received while engaged in coupling, and one ground of negligence alleged and insisted on was that one of the cars to be coupled had no drawhead and no means or instrument with which to couple it to others, an allegation that the plaintiff had no opportunity to examine the coupling apparatus of said defective car was not an allegation that he did not know that it was defective; and where by special demurrer this point was distinctly raised, it was error to overrule it.

Submitted July 18,—Decided December 20, 1906.

Action for damages. Before Judge Reagan. Spalding superior court. January 13, 1906.

*Hall & Cleveland,* for plaintiff in error.

*R. R. Arnold, J. J. Flynt,* and *T. E. Patterson,* contra.

ATKINSON, J. This is a suit for damages on account of per-sonal injuries alleged to have been received by the plaintiff, a servant (a car-coupler) of a railroad company, resulting from negligence. To support the action distinct acts of negligence are relied upon: (1) The backing of the engine by the engineer after he had accepted the signal not to come back, or in moving without a signal, and in the speed. (2) The use by the company of a defec-

tive car which the plaintiff was required to couple on to other cars. The defendant demurred to the petition, upon the grounds, among others, (a) that no cause of action was set out; (b) that the plaintiff did not allege himself to be free from fault; (c) that the plaintiff did not allege that the alleged defective condition of the car which caused his injury was unknown to him. The demurrer was overruled, and the defendant excepted.

In order for a plaintiff, who is an employee, to recover against a railroad company, he must allege in his petition that he was free from fault and that the defendant was negligent. *Pierce* v. *Seaboard Air-Line Ry.*, 122 *Ga.* 665. Where more than one ground of negligence is specified as a basis for a recovery, the allegation of freedom from fault must be such as to show freedom from fault in respect to each of the grounds of negligence relied upon. While it is not necessary that the pleader should use the phrase "free from fault," it is absolutely essential that the averments should be such that this condition of affairs should be apparent from the language used. Enough appears in the petition to show the plaintiff free from fault so far as the conduct of the engineer in moving without a signal and in reference to the speed was concerned. It follows that there is no difficulty in this regard with reference to the first grounds of negligence. If an employee of a railroad company knowingly uses defective machinery, he takes the risk incident to the use of machinery of this character, and the consequences resulting from such use are chargeable to him. See *Georgia R. Co.* v. *Kenney*, 58 *Ga.* 486 (2). If the machinery be so defective as to amount to negligence upon the part of the railroad company to permit its use (the plaintiff alleges that it was), it stands to reason that it would likewise be negligence upon the part of the servant to employ the use of such machinery, if he knew of the defect. If under such conditions he used defective machinery, he could not be said to be free from fault in that particular undertaking. Where it is alleged that the machinery is defective, and that the plaintiff in the use thereof sustained the injury as a result of the defect, the plaintiff would not state a case without going further. It would not be presumed that he did not have knowledge of the defect. The pleadings are to be construed most strongly against him; and his want of knowledge of the defect being a material part of the plaintiff's case, he must affirma-

tively allege such want of knowledge. It is not sufficient to say that he had not had an opportunity to examine the car. He might have obtained the information' otherwise than by examination. The demurrer pressed the plaintiff for an express allegation upon this point, and one should have been made. The demurrer to the declaration with respect to defective machinery, which constituted the second ground of negligence upon which it was sought to hold the defendant liable, ought to have been sustained, and it was erroneously overruled. It can not be said that the error is harmless, because that ground of recovery was insisted upon throughout the trial of the case and the verdict of the jury may have been based upon it. This case differs from *Lawhorn* v. *Millen Ry. Co.,* 97 *Ga.* 742, and similar cases. There the question arose on a matter of the sufficiency of evidence. Here it is a matter of the sufficiency of pleadings to withstand a special demurrer. The judgment upon demurrer was not erroneous for any other reason assigned. It being necessary to reverse the judgment upon the error of the court in refusing to sustain the demurrer, we will not consider the exceptions made to other rulings of the court.

*Judgment reversed. All the Justices concur, except Beck, J., disqualified.*